D.S. v. City of Peekskill

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

D.S.,
        Plaintiff-Appellant,

        -v.-                                    14-864

City of Peekskill and Westchester County,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Steven M. Warshawsky, The
                           Warshawsky Law Firm, New York,
                           New York.

FOR APPELLEES:             Kyle C. McGovern, Desmond C.B.
                           Lyons, Diane B. Cavanaugh, Lyons
                           McGovern, LLP, White Plains, New

1

York, for defendant-appellee Westchester County.

Lalit K. Loomba, Peter A. Meisels, John M. Flannery, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, New York, for defendant-appellee the City of Peekskill.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant D.S. appeals from the judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>), granting motions by the City of Peekskill and Westchester County ("defendants") to dismiss under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

D.S. brings a procedural due process claim under 42 U.S.C. § 1983, alleging that defendants disclosed his sealed criminal records in violation of New York Criminal Procedure Law § 160.50. D.S. argues that Section 160.50 creates a liberty interest in the confidentiality of sealed criminal records, and that defendants' (undisputed) violation of Section 160.50 deprived him of liberty without due process of law.

Defendants argue, and the district court held, that Section 160.50 does not create a liberty interest that gives rise to a federal constitutional claim. Defendants also argue that D.S. fails to state a claim for two simpler reasons: (1) he has not plausibly alleged any intentional deprivation of his constitutional rights, and (2) he has not alleged a basis for municipal liability. We affirm on the ground that D.S. has not plausibly pleaded that his injury was inflicted intentionally.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. Lotes Co., Ltd. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis omitted); see also Shannon v. Jacobowitz, 394 F.3d 90, 94 (2d Cir. 2005) ("[I]n Daniels[, the U.S. Supreme Court] clearly articulated that a finding of intentional conduct was a prerequisite for a due process claim."). So to survive a motion to dismiss, D.S. must plausibly allege that defendants violated his constitutional rights *intentionally*--not just negligently.

He has not done so. The only allegations in the complaint are either insufficient to demonstrate intent (even if accepted as true), or are conclusory allegations not entitled to the presumption of truth.

For example, D.S. alleges that, "[u]pon information and belief," the Peekskill chief of police "personally and/or by and through his attorney James A. Mitchell, . . . authorized, approved, and/or acquiesced in the disclosure of D.S.'s sealed police file." Compl. ¶ 26. But a government official approving the disclosure of a sealed file--presumably relying on his attorney to handle the document production--is not the same thing as a government official approving the disclosure of a file he knows to be sealed. D.S.'s allegation might support an inference of negligence; it does not plausibly allege intent.

D.S. also alleges that "[t]he government defendants acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's constitutional rights," Compl. ¶ 51, and that "[a]t all relevant times, one or more county officials with final policy-making authority had

3

knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct alleged in this case," Compl. ¶ 5. But conclusory allegations like these are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681.

The pleading does not plausibly allege that defendants would know that their document production in the Deskovic litigation included twenty-year-old files sealed pursuant to Section 160.50. And, critically, D.S. makes no allegation to the contrary; that is, D.S. does not allege that any government official was aware (or should have been aware) that their document production included sealed files. Similarly, he does not allege that any government official intended to disclose sealed files.

D.S. quotes Hudson v. New York City, 271 F.3d 62, 68 (2d Cir. 2001), for the proposition that "Section 1983 does not require any intent to violate constitutional rights." True enough. But, although *Section 1983* has no intent requirement, a Section 1983 plaintiff must still allege an underlying constitutional violation. And some constitutional violations--like a violation of the Due Process Clause--*do* require intent. See, e.g., Gold v. Feinberg, 101 F.3d 796, 800 (2d Cir. 1996) ("[M]ore than negligent conduct by the state actor is needed in order for a cognizable § 1983 claim to exist based on violations of the due process clause."); see also Hudson, 271 F.3d at 68 ("§ 1983 plaintiffs need only demonstrate intent where the underlying constitutional deprivation . . . calls for it.").

In the end, D.S. has "not nudged [this] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Although the district court did not address the question of intent, "[w]e may, of course, affirm on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." Cromwell Assocs. v. Oliver Cromwell Owners, Inc., 941 F.2d 107, 111 (2d Cir. 1991) (citations omitted). We do so here.[1]

---

[1] We do not decide whether Section 160.50 creates a liberty interest protected by the Due Process Clause, or whether D.S. has alleged a basis for municipal liability.

4

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK